IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT
MIDDLE DISTRICT OF PENNSYLVANIA

C. Tate George,
   Petitioner

v.

   Civil Action No.: 1:18-CV-02412-YK-RM

(Judge Carlson)

United States of America;
(Warden) D.K. White,
Allenwood LSCI,
   Respondent(s)

**FILED**
**SCRANTON**
FEB 25 2019
PER _____
DEPUTY CLERK

PETITIONER'S MOTION TO EXPEDITE
2241 HABEAS CORPUS FILING
WITH THIS COURT UNDER RULE 4
"PRELIMINARY REVIEW; SERVING
THE PETITION AND ORDER."

NOW before the Court, Petitioner C. Tate George's pro se Motion to compel the Court to expedite and Order per the Civ.r. of Proc.Rule 4 preliminary review; serving the Petition and Order to Respond, such as:

1) The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attachment exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

2) Furthering, Petitioner asks that the Court applied Sections 455-461 of Title 28 USC 1940 ed. under the requirement for return response that states as follows;

1

The requirement for return within 3 days, "unless for good cause additional time, not to exceed 20 days, "is allowed" in the second paragraph, was substituted for the provision of such section 455 which allows 3 days for return if within 20 miles, 10 days if more than 30 but not more than 100 miles, and 30 days if more than 100 miles distant. NOTE: Words "unless for good cause additional time is allowed"" in the fourth paragraph were substituted for words "unless the party petitioning request a longer time" in section 459 of title 28 USC 1940 ed.

(Note:) Petitioner is 91.4 miles away from the Court at its longest distance, which means he falls between the 30 and 100 mile benchmark.

3) Petitioner's original 2241 Habeas Corpus Application was filed on January 22nd, 2019 at 10:45 AM EST and assigned to Magistrate Judge Carlson. (See Attachment of Order). As of this Motion to this Court, it will be more than (30) thirty days since Petitioner has respectfully sought relief from being illegally held at Allenwood-Low Correctional Facility. Per the Civ.R. of Proc. Rule 4, the Court must act promptly (if there is no reason for a dismissal) and Order the Respondent to file an answer, or to take other action.

4) Additionally, under Rule 1: Scope and Purpose, it states:

The Rules govern the Procedure in all civil actions and proceedings in the United States District Court, except as stated in Rule 81. They should be constructed, administered and employed by the Court and the parties to "secure the just, speedy and inexpensive determination of every action and proceeding." (History:)(Amended April 29, 2015)(eff. Dec. 1, 2015).

WHEREFORE, the Petitioner, C. Tate George, pro se hereby respectfully understands that the Court must be extremely busy at the time of filing this motion; however, requests this Honorable Court to Grant this Motion to expedite under Rule 4 and as a matter of law to address Petitioner's illegal incarceration as he seeks immediate release from custody; and for such other and further relief deemed proper and necessary in the interest of Justice.

Dated: February 23, 2019

Respectfully Submitted,

C. Tate George/pro se/63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

2

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC §1746.

_____
C. Tate George, pro se /63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following motion to expedite 2241 Habeas Corpus Filing was mailed on this 23rd day of February, 2019, by first-class mail, postage prepaid to : Zack Intrader, AUSA Office of the US Attorney, 970 Broad Street, Rm. 700 Newark, NJ 07102,

_____
C. Tate George, pro se /63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

## Other Orders/Judgments

<u>1:18-cv-02412-YK-RM George v.</u>
<u>United States of America et al</u>

HABEAS,PROSE,PRSLC

### United States District Court

### Middle District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered on 1/22/2019 at 10:45 AM EST and filed on 1/22/2019
**Case Name:**     George v. United States of America et al
**Case Number:**   <u>1:18-cv-02412-YK-RM</u>
**Filer:**
**Document Number:** No document attached

**Docket Text:**
VERBAL ORDER REFERRING CASE to Magistrate Judge Carlson. (jw)


1:18-cv-02412-YK-RM Notice has been electronically mailed to:

1:18-cv-02412-YK-RM Filer will deliver notice by other means to::

C. Tate George
63223-050
FCI Allenwood
SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE
P.O. Box 1000
White Deer, PA 17887

*Exhibit #1*

https://ecf.pamd.circ3.dcn/cgi-bin/Dispatch.pl?787940802516535                                1/22/2019

INMATE NAME/NUMBER: Cate George / 63223-050
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD Low
P.O. BOX 1000
WHITE DEER, PA 17887

HARRISBURG PA 171
21 FEB 2019 PM 2 L

⇨63223-050⇨
Peter J Welsh, Acting Clerk of Court
235 N Washington AVE (Box 1148)
Scranton, PA 18501-1148
United States District Court for the
Middle District of Pennsylvania

RECEIVED
SCRANTON
FEB 25 2019
PER _____ DEPUTY CLERK

LEGAL
MAIL