**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **C. TATE GEORGE,** | : | |
| | : | **Civil No. 1:18-CV-2412** |
| **Petitioner** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

C. Tate George, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which attacks aspects of the 108-month sentence imposed upon him following his conviction at trial on federal wire fraud offenses by the United States District Court for the District of New Jersey. (Doc. 1.) The background of this case was aptly summarized by the court of appeals in the following terms when it affirmed George's conviction and sentence:

> On March 23, 2012, George was indicted on four counts of wire fraud under 18 U.S.C. § 1343 in connection with a Ponzi scheme he conducted under the auspices of The George Group, LLC. From 2005 to 2011, George raised about $3.4 million by falsely representing to investors that their money would be used for real estate development projects and by misrepresenting his portfolio and activities.

Instead of using the funds raised as promised, George diverted them to pay his own personal expenses and to return principal and interest to existing investors. George's fraud was exposed when he became unable to make required payments and failed to pursue most of the projects he had promised.

The Government identified 22 victims of George's scheme and pegged their actual losses at around $2.5 million. After trial testimony from several victims and extensive Government exhibits tracing his financial records, George was convicted on all counts. The District Court sentenced him to 108 months' imprisonment followed by three years' supervised release and restitution of $2,550,507.28.

United States v. George, 684 F. App'x 223, 225 (3d Cir. 2017).

George appealed this conviction and sentence, but on direct appeal this conviction and sentence were affirmed. Id. In particular, on appeal George challenged the manner in which his sentence was calculated under the Federal Sentencing Guidelines, a claim he repeats in the instant petition for writ of habeas corpus. As to this issue the appellate court found George's claims to be without merit, noting that:

Finally, George contends that the District Court incorrectly calculated his Guidelines range. He claims that the 2-level enhancement for perjury was unjustified and the 20-level enhancement for victim hardship and financial loss was unsupported by the evidence. We review these factual findings by the District Court for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007).

The enhancement for perjury was proper because George testified falsely at trial. He "very, very adamant[ly]" "made material misrepresentations" with respect to his authority to use investors'

money. Supp. App. 3531. Some of his assertions at trial were "irreconcilably ... at odds with what the jury necessarily found in the verdicts." Id. Because the District Court was bound "to accept the facts necessarily implicit in the verdict," United States v. Johnson, 302 F.3d 139, 154 (3d Cir. 2002) (citation omitted), it properly found that George lied when he testified contrary to those facts. For example, the jury found that George used investment money for unauthorized purposes, so George's protestations to the contrary had to be rejected by the Court. The Court carefully explained its reasoning and correctly applied USSG § 3C1.1 & app. n.4(B) to increase George's Guidelines range by two levels.

We also conclude that the enhancement for the financial loss of his victims was appropriate. The District Court thoroughly reviewed the facts of record to determine the total loss to victims was $2,550,507.28. Amount of loss need only be "found by a preponderance of the evidence" at sentencing, and a "reasonable estimate" is sufficient. United States v. Ali, 508 F.3d 136, 145 (3d Cir. 2007) (quoting USSG § 2B1.1 app. n.3(C)) (other citation omitted). George's sole basis for objecting to the $2.5 million loss amount (and the corresponding hardship to victims) is his unreliable sentencing report. That report cannot overcome the District Court's detailed findings with respect to the loss and the financial hardship that befell his victims. Supp. App. 3462–66 ("[T]he government's proofs as to this four-level enhancement are unassailable and not refuted [ ] by anything the defendant presented at this hearing." Id. at 3462.). The loss amount properly supported a 16-level enhancement under USSG § 2B1.1(b)(1)(I), and the hardship to five or more victims correctly enhanced his range by four more levels, id. § 2B1.1(b)(2)(B).

United States v. George, 684 F. App'x 223, 227–28 (3d Cir. 2017).

George also previously attempted to vacate this conviction through a motion

filed with the sentencing court pursuant to 28 U.S.C. §2255, but this motion was

rejected by the sentencing court. <u>George v. United States</u>, No. CV 17-2641 (AET), 2018 WL 1064220, at *1 (D.N.J. Feb. 27, 2018).

It is against this procedural backdrop that George has now filed a § 2241 habeas petition, re-arguing the sentencing issues that were considered and rejected on appeal. George has also filed a motion to expedite consideration of this petition. (Doc. 4.) While we will grant this motion to expedite, for the reasons set forth below, it is recommended this petition either be dismissed or transferred to the sentencing court, the United States District Court for the District of New Jersey, for consideration by that court.

## II.   **Discussion**

### A.   **This Petition Should Be Dismissed or Transferred to the Sentencing Court**

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a second or successive motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28

U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).   See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that "the usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255.   In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that § 2255 specifically provides the remedy to federally-

sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See   Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.   Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).   Indeed, it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"   Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, § 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an

exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard).   The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).   Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.   Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply

do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate.  None of the petitioner's claims fall within the narrow exception outlined in In re Dorsainvil, 19 F.3d 245 (3d Cir. 1997), in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255.   In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.   Dorsainvil, 119 F.3d at 251.

In this regard: "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the evidence,' ' 'it is more likely than not that no reasonable juror would have convicted him.'   Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))." Bousley, 523 U.S. at 623. Applying this principle to claims made under Dorsainvil:

> [T]his Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to

seek judicial review. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251−52; <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir.2002); <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir.2002). A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect. A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006); <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the Supreme Court, in <u>House</u>, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case. <u>See</u> <u>House</u>, 547 U.S. at 536−37 (citing <u>Schlup</u>, 513 U.S. at 327).

<u>White v. Zickefoose</u>, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010).

On its face, this petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. George's crime, wire fraud, remains as illegal today as it was when George was convicted at trial. Therefore, the <u>Dorsainvil</u> exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255, simply has no application here. Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate sentencing claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and therefore this request

must be rejected by this court. <u>Manna v. Schultz</u>, 591 F.3d 664 (3d Cir. 2010).

The petitioner may not avoid this outcome by simply arguing that the sentencing court failed to grant him relief in the past when he filed a motion under 28 U.S.C. § 2255. While we take no position on whether George may be able to successfully obtain leave from the United States Court of Appeals to file a second or successive motion for relief under § 2255 with the United States District Court, to the extent he wishes to pursue such relief, he should consult the Rules Governing Section 2255 Proceedings for the United States District Courts. In particular, the petitioner is directed to Rule 9, which provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."   <u>See also</u> 28 U.S.C. § 2244(b)(3) (outlining procedure for obtaining leave from the court of appeals to file a second or successive motion for relief in the district court); 28 U.S.C. § 2255(h).[1]

Reliance on the process for pursuing second and successive motions to correct sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of

---

[1] Section 2255(h) provides that a second or successive petition "must be certified" by a panel of the appropriate court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence of the whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

these claims, since it is evident that his request may call for further fact-finding by the sentencing judge. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009). Thus, the issues framed by this petition are uniquely within the purview of the sentencing judge and are uniquely susceptible to resolution through a motion to correct sentence under § 2255.

Furthermore, while the petitioner suggests that he has tried, unsuccessfully, to file a prior § 2255 petition, this assertion, standing alone, does not demonstrate that § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this regard it bears repeating that "[i]t is the inefficacy of the remedy [under § 2255], not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . ." Cradle, 290 F.3d at 539. Therefore, the petitioner may not simply rely upon the prior refusal of the courts to grant him relief under § 2255 to justify foregoing such a motion at this time.

Nor can the petitioner belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of the underlying offenses, he is "actually innocent" of the sentencing enhancements imposed by the court. Such arguments, while frequently made by federal inmates, are rarely embraced by the

courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" that relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D. Pa. Sept. 14, 2006).

Thus, dismissal of this petition without prejudice to George pursuing a request to file a second or successive §2255 petition in the district of conviction is entirely appropriate here.

In the alternative, the petition could be transferred to the District of New Jersey, so the sentencing district court may consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we observe that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have

on occasion relied upon § 1404 to order the transfer of the petition to the sentencing

court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including
> convenience to the parties, where material events took place, and where
> records and witnesses pertinent to a petitioner's claim may be found, to
> habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-
> 94, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has
> followed this course of action in other cases where an inquiry into the
> sentencing court's intent was necessary to properly dispose of a
> petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010
> WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v.
> Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.
> Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204
> F.Supp.2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may
> be transferred to the district court of the state in which the petitioner
> was sentenced and convicted, even if the petitioner was transferred to
> prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973
> (8th Cir. 1973) (allowing transfer of habeas corpus case from the
> District of South Dakota to the District of Montana because "Montana,
> the state of conviction and sentencing, is the most convenient forum
> because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D. Pa. Aug. 12,

2010) (Jones, J.); see also Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL

2632561, *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No.

3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the District of New

Jersey pursuant to 28 U.S.C. § 1404 are satisfied. At the outset, it is apparent that

this venue is another district where this claim might have been brought through a

motion under 28 U.S.C. § 2255. It is also evident that the second prerequisite for a

transfer order is present here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner, 2008 WL 1752229, at *4.

Moreover, in the instant case " We need not. . . be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, . . . the district court [may] exercise[e] jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the

petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, George invites this court under the guise of a habeas petition to do something which only the sentencing court should do–set aside his conviction and sentence. We should also decline this invitation, given that George has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Instead, we should either dismiss this petition or transfer the petition pursuant to 28 U.S.C. § 1404 to the sentencing court so that court may address the merits of these claims.

## III.   Recommendation

Accordingly, for the foregoing reasons, the petitioner's motion to expedite (Doc. 4) is GRANTED but IT IS RECOMMENDED that this Court either dismiss this petition without prejudice or transfer this petition to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404, so that court may address the merits of these claims.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of February 2019.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge