IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

C. Tate George,
    Petitioner

v.

Uniteed States of America
    Respondent

Civil No. 1:18-CV-2412

(Judge Kane)

(M.J. Carlson)

FILED
SCRANTON
MAR 1 2 2019
PER _____
DEPUTY CLERK

PETITIONER'S MOTION PURSUANT TO LOCAL RULE
72.3 PARTY OBJECTIONS TO MAGISTRATE
JUDGE'S PROPOSED FINDINGS,
RECOMMENDATIONS OR REPORT
ADDRESSING RECOMMENDATIONS OF
A PRISONER'S CASE OR A HABEAS
CORPUS 2241 PETITION

    NOW COMES the Petitioner, C. Tate George, Pro Se; and Petition this Honorable Court to reconsider its recent decision as well as appropriately correct (important material facts) the record within its proposed findings contained in its Report and Recommendation, and (in objection) in support thereof states the following:

I. BRIEF HISTORY

    Petitioner filed a timely brief and 2241 Petition (Doc. 1) with the Court; Thirty days after said filing, Petitioner filed a Motion to Expedite Proceedings, which the Court granted on February 25, 2019. The Court on February 26, 2019; issued its Report and Recommendation, said Document was filed and recieved by Petitioner on March 1, 2019 at FCI Allenwood Low (See Attach #1 - proof of delivery).

    As of this filing, Petitioner is again filing a timely Response and Objection Notice pursuant to Local Rule 72.3 that states:

Any party may object to a Magistrate Judge's proposed findings, Recommendation or Report addressing a Motion or Matter described in:

28 U.S.C §636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendatinos made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

## II.  STATEMENT OF FACTS ABOUT THE CASE

(Material Fact(s) - Errors cited by the Court:)

1) The Court errored when on <u>Page 2</u> of its brief/opinion where it claims (falsely) that Petitioner's 2255 petition repeats previous arguments from his direct appeal concerning calculated Sentencing Guidelines and so, the Appellate Court did find Petitioner's claims to be without merit.

\* Petitioner's Response to clear the Record:

Petitioner's 2255 filing argues Ineffective Assistance of Counsel that contains multiple grounds, of one correctly address loss calculation and enhancement issues <u>still pending</u> at the time of this Response.

2) The Court errored when on <u>Page 3</u> of its brief/opinion where it claims (falsely) that the District Court thoroughly reviewed the facts of record to determine; the total loss to victims was $2,550,507.28 and the Court's detail finding and that "George" sole basis for objecting to the $2.5 million loss amount is hi unreliable sentencing report.

\* Petitioner's Response to clear the Record:

Petitioner, prior to sentencing (by way of a Rule 33 hearing on new evidence) submitted more than six thousand (6,000) documents that were left

out of trial, that addressed the loss issue and conviction issues within the case at bar. Those documents are filed as Docket No. 210-7121. Petitioner hopes the Court will review these factual materials along with documents provided to this Court when reconsidering its final position. The four-level enhancement are also easily refuted on the record within those same factual documents in addition to the Government's own testimony post-trial, that, the Government did not direct the Probation Office to follow the rules under 18 USC §3664 where the rules state:

"The Probation officer shall prepare a complete accounting of each of the victims' losses....the Probation Officer is required to provide Notice to "each" of the vicitms and afford them an opportunity to submit affidavits detailing their loss to be counted for sentencing."

By the Government's own admission, this did not occur, such is the reason for the Government's concession in their Answer to Petitioner's 2255 petition. Period!

3) The Court states a partial Rule when it says; The Sentencing Court is to use available evidence afforded to them at the time of sentencing.

∗ Petitioner's Response to clear the record:

Multiple case laws are clear when they have found, "Due process right under the Fifth Amendment Fair Trial Right and Sixth Amendment Right to be sentenced on accurate information as cited in (U.S. v. Katora), 981, F.2d (Dec. 7, 1992) 1348, 1992 US Appx. Lexis 32052 (3rd Cir.)(Just to name one). And not hand-selected documents as the Sentencing Judge did.

In fact; prior to sentencing, the Court agreed instead of an evidentiary hearing, which the Court first considered; agreed that Petitioner (George) could submit verifiable documentation such as certified letters from business partners and alike. Petitioner did so, however; the Court decided (without real explanation of its decision) to not use the documentation at sentencing. Furthermore; stated "Mr. George can resubmit documentation not used at sentencing during his Appellate processes." That is exactly what Petitioner has done in his still pending 2255 filing; as well as his 2241 filing.

4) The Court errored when repeatedly claiming (falsely) that "George's 2255 petition (at the time of filing his 2241 petition) had been rejected and/or ruled on, leaving such a finding."

3

\* Petitioner's Response to clear the Record:

This determination is completely false and unfounded! Petitioner asks the Court to kindly research and review Petitioner's case much closer than what seems to be a cursory review of Petitioner's case at bar. Having done so; the Court will clearly find that Petitioner's case has been pending for more than (19) nineteen months now and not closed nor rejected on any grounds at the time of Petitioner's correct 2241 filing.

## III. ADDRESSING REPORT AND RECOMMENDATION (DISCUSSION SECTION)

Per the rules of 2241 filings Petitioner will restate why he has made a correct and valid case for pursuing relief in this district in lieu of a second or successive motion to correct sentence filed in the district of conviction under 28 USC §2255 (that's not applicable at this time).

Petitioner understands as a general rule, a 2255 Motion can act as supersed Habeas Corpus, however the Court is incorrect that a 2255 filing provides the <u>exclusive remedy</u> to one in custody pursuant to a Federal Court conviction (The court cites (<u>Strollo v. Alldredge</u>)(3d cir. 1972).

In fact, Petitioner states clearly in his motion/memorandum brief the following case precedent:

> The Courts have determined that although it appeared that Petitioner failed to exhaust his Administrative Remedies as required bringing habeas petition (2241), when the Government had not fully addressed (or raised claims of refute) and it was therefore waived (Urbina v. Thomas), 270 F.3d 292 (2001, CA6 KY); to the extent Petitioner challenges fact (all or in part) or duration of his confinement, District Court should construe complaint as a petition for habeas corpus under 28 USC §2241. (<u>Tucker v. Carlson</u>), 925 F.2d 300 (1991, CA9 Ariz); 91 CDOS 979, 91 Daily Journal DAR 1535.

Repeating as a material fact; Petitioner's 2255 Motion has not been rejected (concerning new Grounds) nor decided on. The Court findings are materially incorrect and this error is a <u>harmful</u> plain error, that the Court has built its Report and recommendation on, which is unfortunately harmful.

Petitioner does not seek relief under 28 USC §2241 on the Grounds that a motion under such statute would be ineffective or inadequate. To the contrary, Petitioner sought relief on the narrow instances that Petitioner did challenge his conviction and relative conduct (still pending). However, the Government conceded by not addressing fully (or raised new claims of refute) and therefore wave a material fact under (Urbina v. Thomas), 270 F.3d 292 (2001 CA6 KY) thus immediately reducing his sentence to a much lesser sentence. Period!

The Court (pg 8-9) within its brief refers to the actual innocence in

light of all the evidence with regards to (Dorsainvil) and further finds reasons that it would have jurisdiction to Petitioner's 2241 filing. However; the Court has neglected many case laws such as (Pierre v. Rivkino to name just one) that states writ of habeas coprus (2241) extends only to custody and detention of a prisoner (825 F.2d 1501 (CA 11 F/A 1987) and not innocence or guilt.

Petition for writ of habeas corpus seeks to secure release from illegal custody by way of challenge by person in custody to legality of such custody Baker v. Turnbo (1982, ND Cal) 553 F Supp 53.

This Court does have the Power of Jurisdiction to Grant Petitioner's 2241 writ request as Petitioner correctly provides; once again said rules state the following:

§2241.   Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any Justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any Justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless -
   (1) He is in custody under color of the authority of the United States or is committed for trial before some court thereof; or
   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
   (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
   (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
   (5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the circuit within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

    The Court's findings and statement that Petitioner is "notion of Judge-shopping; a desire to litigate sentencing claims in a different forum" is baseless at best; and completely incorrect at worst. Petitioner's efforts for relief is appropriate when the Court actually begins with a correct and factual basis that are vitally important when making a report and recommendation to be considered and/or determined to an applicant/movant. Such false claims that Petitioner's sentencing court failed to Grant him relief in the past when he filed a Motion under 28 USC §2255 is dangerously false and must be corrected on the record. The only affirmed ruling has not moved past Petitioner's direct appeal while representing himself (pro se) on April 5, 2017. Simply put; there has been <u>no ruling</u> on Petitioner's 2255 petition after nineteen (19) months and counting, at the time of this Notice to the Court.(1)

    Also, as a matter of Record; Petitioner's trial and sentencing Judge Mary L. Cooper was correctly removed from Petitioner's case (and replaced by Anne Thompson) when it was affirmed that Petitioner's (2) initial 2255 application(s) were illegally doctored by someone in Judge Cooper's office, which is a Federal crime and proven to be biased and prejudicial against Petitioner.

    Finally, Petitioner does not invite this Court to set aside his conviction at all, as per the Civ.Proc.R. and case law states; statute "2241 extends only to custody and detention of a prisoner;" and absolutely nothing to do with his innocence or conviction. This finding is inagurate by the Court.

    Clearly, Petitioner 2241 claims and filing is based on additional and alternative remedy to a material facts no longer in dispute by way of concession of preponderance of evidence relating to relative conduct, illegal enhancements

---

Footnote (1) Rule 9 does not apply at this stage, nor does 2244(b)(3); 2255(h)

(unfounded) and an incorrect loss calculation under Petitioner's 2241 filing and support brief bases his collateral attack on previous Supreme Court Rulings already addressed in Petitioner's original habeas corpus 2255 filing under (Molina-Martinez v. U.S.), 136 S.Ct. 1338, 1344 (2016)(dated April 10, 2017); in his request to set aside or correct conviction and sentence. As well as; recent Supreme Court precedent case under, (Rosales-Mireles v. U.S.), 138 S.Ct. 1897 (2018) where the Court stated that [a] plain guideline error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)(...) because it usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than necessary to fulfill the purposes of incarceration. (In addition; a recent ruling in support of Petitioner's request for liberty in the <u>Third Circuit Remanded Case based on relevant conduct error as well as criminal history category error in (Harris v. U.S.)</u>, No. 17-3341. (Harris, Rosales-Mireles, and Molina-Martinez), all are cases that are directly relevant to Government's relevant conduct false claims pertaining to loss calculation and supposed victim loss and hardship claims at sentencing for Petitioner yet; by way of (concession) by the Government in its Response Brief to not address one of Petitioner's initial collateral attacks. This oversight was not <u>unintentional</u> on behalf of the Government in its Response Brief, and by law under (Urbina v. Thoms) that the Government waived any claims to relevant conduct or hardship haven't been correct at sentencing.

## IV CONCLUSION

The Court has every right by Jurisdiction to either take on Petitioner's 2241 filing and/or dismiss or transfer the filing back to the sentencing Judge. However, the Court also has a major responsibility to use correct factual evidence available to him/her. The material facts of record erases just about all of this Court's findings Report and Recommendations; starting with unsubstantiated finding of a rejected, concluded or fruitless 2255 filing.

Petitioner believes wholeheartedly that the Court's Report and Recommendation brief, if left un-opposed (by way of objection under Rule 72.2) would leave incalculable damage to Petitioner's case at bar. Petitioner respectfully asks this Court to revert back to Petitioner's entire filing of facts, and carefully reconsider its decision in the interest of fairness and Justice. Petitioner is not looking to burden this Court; nor treat this Court as a substitute or Judge-shopping around in any way, shape or fashion. Petitioner's effort and filing is a legal and valid attempt to address his case while utilizing

7

the Rules and Laws of this country. If the Court decides to transfer and not take up Petitioner's correct 2241 filing, then so be it; however Petitioner pleads with this Court to not file an incomplete and fatally (false) document to justify what reads like a pre-determined decision without truly reviewing all the facts of Petitioner's 2241 filing and case now before this Court.

Lastly, Petitioner would simply like to remind the Court that the nature of a 2241 habeas corpus proceeding(s) is vital when one was (is) being prosecuted criminally, habeas corpus to inquire into the legality of detention was new suit to enforce civil right and not proceeding in prosecution. (Ex parte: Tom Tong), 108 US 556, 27 L.Ed 826, 2 S.Ct. 871.

## SPECIFIC RELIEF SOUGHT

WHEREFORE, the Petitioner, C. Tate George, acting pro se; hereby respectfully requests that this Honorable Court <u>first</u>, correct the factual materials and plain harmful errors brought to light now before the Court concerning items such as the correct status of Petitioner's 2255 filing still pending, clearing up confusing false claims that Petitioner has tried to relitigate old claims already heard, claims that Petitioner's sole basis for relief is on an unreliable sentencing report, Petitioner is now Judge-shopping and alike, identified within this Rule 72.3 objections notice.

All such claims are materially and factually false and unfounded based on the record. <u>Second</u>, that the Court reconsider its position after reviewing Petitioner's objection notice, then carefully review Petitioner's correct legal foundation in which he actually filed his 2241 filing. The Court has jurisdiction by rights and rules of the Court to proceed, however a correct and accurate finding in which to begin and end a Report and Recommendation must be corrected when making a Determination by the Court. Petitioner at the time of this filing has been illegally incarcerated 62 months and counting (of what by concession of the Government's own Reply Brief of Petitioner's 2255 claims), of what should have been a <u>47 to 52</u> months sentence; Petitioner requests this Court to <u>not</u> transfer his 2241 filing and adjudicate his appropriate claims before the Court; and for such other and further relief deemed proper and necessary in the Interest of Justice.

Date: March 7, 2019

Respectfully Submitted,

C. Tate George/Pro Se/63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC 1746.

*[signature]*
C. Tate George, Pro se

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS



neopost
02/27/2019
US POSTAGE $001.45

FIRST-CLASS MAIL

ZIP 17108
041L11252595

Case Number: 1:18-cv-02412-YK-RM Document Nu
PM

C. Tate George
SPECIAL MAIL - OPEN ONLY IN PRESENCE OF IN
FCI Allenwood
63223-050
P.O. Box 1000
White Deer, PA 17887

CORRESPONDENCE OF INMATE
DATE RECEIVED 3-1-19
TIME RECEIVED 1030 Am
DATE DELIVERED 3-1-19
TIME DELIVERED 3:06 pm
DELIVERED BY: [signature]

BB 58

(Attach. #1)



Tate George #63223-050
F.C.C. Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

RECEIVED
SCRANTON
MAR 12 2019
PER _____ DEPUTY CLERK

⇔63223-050⇔
Peter J Welsh, Acting
235 N Washington AVE
Scranton, PA 18501-114
United States District
Middle District of P