IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **C. TATE GEORGE,** | : | |
| Petitioner | : | No. 1:18-cv-2412 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| Respondents | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is the February 26, 2019 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 5), recommending that the Court either dismiss or transfer to the United States District Court for the District of New Jersey the Petition for a Writ of Habeas Corpus filed by Petitioner C. Tate George ("Petitioner") pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner has filed timely objections to the Report and Recommendation. (Doc. No. 6.)

Petitioner is currently incarcerated at FCI Allenwood pursuant to a 108-month sentence imposed upon him for four counts of wire fraud by the United States District Court for the District of New Jersey. See United States v. George, 684 F. App'x 223, 225 (3d Cir. 2017). In his § 2241 Petition, Petitioner attacks his sentence, arguing that the sentencing court erroneously calculated his sentence under the Sentencing Guidelines. In his Report and Recommendation, Magistrate Judge Carlson noted that Petitioner is rearguing claims raised on direct appeal, and that he previously filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 that the sentencing court rejected. (Doc. No. 5 at 2-4.) Magistrate Judge Carlson concluded that Petitioner had not demonstrated "that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate." (Id. at 8.) Thus, he noted that while "dismissal of this petition without prejudice to

[Petitioner] pursuing a request to file a second or successive § 2255 petition in the district of conviction is entirely appropriate here," the Court could also transfer this matter to the United States District Court for the District of New Jersey to protect Petitioner's rights and allow the sentencing court to consider his claims.  (Id. at 12-15.)

In his objections, Petitioner takes issue with several statements made by Magistrate Judge Carlson when reciting the pertinent procedural history.  Petitioner argues that Magistrate Judge Carlson erred when he stated that "Petitioner's § 2255 petition repeats previous arguments from his direct appeal" because his § 2255 petition also raises several claims of ineffective assistance of counsel.  (Doc. No. 6 at 2.)  Magistrate Judge Carlson, however, stated that Petitioner's § 2241 Petition, not his § 2255 motion, repeated previous arguments from his direct appeal.  (Doc. No. 5 at 2.)  Accordingly, this objection will be overruled.

Petitioner also takes issue with the recitation of the Third Circuit's rejection of his claims.  Specifically, Petitioner asserts that Magistrate Judge Carlson falsely claimed "that the District Court thoroughly reviewed the facts of record to determine" the total loss to Petitioner's victims.  (Doc. No. 6 at 2.)  He also faults Magistrate Judge Carlson for "stat[ing] a partial Rule when [he] says [t]he Sentencing Court is to use available evidence afforded to them at the time of sentencing."  (Id. at 3.)  Magistrate Judge Carlson, however, did not make these statements himself, but rather, quoted from the Third Circuit's opinion in Petitioner's direct appeal.  Accordingly, this objection will be overruled.

Petitioner also claims that Magistrate Judge Carlson falsely stated that his § 2255 motion had been rejected by the sentencing court because it has been pending for more than 19 months.  (Id. at 3-4.)  Upon review of the sentencing court's docket, the Court notes that Petitioner is

correct and that his § 2255 motion is still pending before the sentencing court. Accordingly, this objection will be sustained.

Petitioner next argues that he "does not seek relief under 28 USC §2241 on the [g]rounds that a motion under such statute would be ineffective or inadequate." (Id. at 4.) Rather, Petitioner believes that the Government conceded by not fully addressing his claims, "thus immediately reducing his sentence to a much lesser sentence." (Id.) Having considered this challenge, the Court finds that Magistrate Judge Carlson correctly and comprehensively determined that Petitioner cannot proceed under 28 U.S.C. § 2241. Accordingly, this objection will be overruled. However, given that Petitioner's § 2255 motion is still pending before the sentencing court, this Court concludes that it would be appropriate to transfer this matter to the sentencing court to allow it to consider the merits of Petitioner's claims.

**AND SO**, on this 2nd day of April 2019, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. Petitioner's objections (Doc. No. 6) are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

    a. Petitioner's objection to Magistrate Judge Carlson's statement that his § 2255 motion has been rejected by the sentencing court is **SUSTAINED**;

    b. The remainder of Petitioner's objections are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation (Doc. No. 6), of Magistrate Judge Carlson;

3. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the District of New Jersey; and

4. The Clerk of Court is directed to **CLOSE** the above-captioned case in this district.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
